IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 1:02cr1WJG-JMR-4
                                                CIVIL ACTION NO. 1:05cv389WJG-JMR

RONALD LAMONT SIMMONS

O R D E R

This cause comes before the Court on motion [121-1] of Defendant Ronald Lamont Simmons for relief from the judgment entered in this case on November 22, 2004, and a motion [122-1] to vacate to reduce his sentence pursuant to 18 U.S.C. § 3582 due to alleged changes in the sentencing guidelines.  Both motions contend that the Court should resentence Simmons due to a change in law as announced by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, (2005) and *Blakely v. Washington,* 542 U.S. 296 (2004).  (Ct. R., Docs. 121-122.)  The *Blakely* decision was issued on June 24, 2004, and *Booker* was issued on January 12, 2005.

Simmons contends that he was sentenced based on facts which were determined by the judge and not the jury.  (Ct. R., Doc. 122, p. 1.)  His sentence was increased based on conduct to which he did not plead guilty, according to Simmons.  (Ct. R., Doc. 121, p. 2.)  On April 22, 2002, well in advance of the United States Supreme Court's rulings, Simmons pleaded guilty to count 3 of the indictment which charged him with possession with intent to distribute less than 5 grams of a mixture or substance containing cocaine, commonly known as "crack", in violation of 21 U.S.C. §  841(a)(1).  (Ct. R., Doc. 65.)  Although Simmons was also charged in counts 1, 5, 9

and 10 of the indictment, those charges were dismissed at his sentencing hearing.  (*Id*.)  He was sentenced to a term of 108 months imprisonment, a term of supervised release of 3 years, and a $100.00 special assessment.  (Ct. R., Doc. 95.)

On October 27, 2003, Simmons filed his first motion to vacate, which was denied on November 19, 2004.  (Ct. R., Docs. 98, 120.)  A motion for relief from judgment was filed on January 18, 2005, in which Simmons asserts that the Court should set aside its judgment in light of Booker.  (Ct. R., Doc. 121.)  Finally, Simmons filed a successive motion to vacate pursuant to § 2255 on August 9, 2005.  (Ct. R., Doc. 122.)

Unfortunately for Simmons, neither *Booker* nor *Blakely* apply retroactively to cases on collateral review for purposes of a successive section 2255 motion.  *In Re Elwood,* 408 F.3d 211 (5th Cir.2005); *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005).  The Court, therefore, concludes that the second motion to vacate should be denied.

In addition, a district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b).  Section 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as:  (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within seven days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been

lowered by the Sentencing Commission.  18 U.S.C. § 3582(b).  Only Rule 35(c) might apply in this case, which limits the Court's authority to modify a previously imposed sentence to corrections of "arithmetical, technical or other clear error."  The Court, therefore, concludes that Rule 35 does not confer authority upon the Court to reconsider Simmons' sentence under the existing circumstances.  *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).  The Court finds that the motion for relief from judgment in light of the ruling in *Booker* should also be denied.  It is therefore,

ORDERED AND ADJUDGED that Defendant's motion [121-1] for relief from judgment be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that Defendant's successive motion [122-1] to vacate based on *Booker* be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that this case be dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 2nd day of May, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE